McINTYRE v. The DUBUQUE. See Case No. 4,110.

McINTYRE (MILLER v.). See Case No. 9,-582.

McINTYRE (RICHARDSON v.). See Case No. 11,789.

McIVER (GULICK'S EX'RS v.). See Case No. 5,865.

McIVER (HARTSHORNE v.). See Case No. 6,171.

---

## Case No. 8,830.

### McIVER v. KENNEDY.

[1 Cranch, C. C. 424.] [1]

Circuit Court, District of Columbia. July Term, 1807.

PRINCIPAL AND SURETY—ENDORSER—INSOLVENCY OF MAKER—REASONABLE NOTICE—EVIDENCE —DEEDS—NOT RECORDED.

1. Under the laws of Virginia, in an action against the indorser of a promissory note, the plaintiff, to excuse himself for not having first brought suit against the maker, must show him to have been insolvent at the time of bringing the suit; and in order to recover, must have given reasonable notice of the non-payment by the maker; and the jury is to decide whether the notice was reasonable.

2. A deed of land in Maryland cannot be read in evidence unless recorded in Maryland.

Assumpsit upon W. Wilson's note, indorsed by the defendant [James Kennedy], to the plaintiff, as assignee of Gillis' estate. 1st count on the assignment of the note, setting forth that the maker, W. Wilson, was insolvent at the time of the suit brought. 2d count for money had and received.

THE COURT decided, (doubtfully,) that the plaintiff must prove the maker of the note insolvent at the time of bringing the action; that the plaintiff must prove reasonable notice to the indorser, of the non-payment by the maker; and that the jury were to decide whether the notice was reasonable.

THE COURT refused to permit the defendant to read in evidence (to prove the solvency of W. Wilson,) a deed of land in Washington county, Maryland, certified by T. Williams, (who calls himself clerk of Prince William county, in Virginia,) to have been proved in the latter county, but not recorded in Washington county in Maryland, according to the laws of Maryland.

[See Case No. 8,833.]

---

## Case No. 8,831.

### McIVER v. MOORE.

[1 Cranch, C. C. 90.] [1]

Circuit Court, District of Columbia. April Term, 1802.

PLEADING AT LAW — NIL DEBET—ACT OF LIMITA-TIONS—BANKRUPTCY—ASSIGNMENT—AUTHORITY TO SUE—NONSUIT—JUSTICE OF CASE.

The act of limitations can not be given in evidence upon nil debet. The plaintiff being as-

[1] [Reported by Hon. William Cranch, Chief Judge.]

---

signee of a bankrupt, must produce the commission and proceedings and deed of assignment. Upon reinstatement of the cause after nonsuit, the court will not permit the defendant to plead limitation, unless on affidavit showing it to be necessary for the justice of the case.

Debt on an accepted order. Nil debet and issue.

E. J. Lee, for defendant, prayed the court to instruct the jury that the acceptance of the order not being dated, and the order being dated September 24th, 1794, and no proof being given of the date of the acceptance, they ought to presume that the acceptance was on the day of the date of the order, and therefore barred by the act of limitations; the writ not being issued until the 5th of September, 1801.

CRANCH, Circuit Judge, inquired whether the act of limitations was pleaded.

E. J. Lee contended that it might be given in evidence on the issue of nil debet, and cited Esp. N. P. 262.

THE COURT said they had decided at last term in Washington, in the case of Gardner v. Lindo [Case No. 5,231],—see that case in the supreme court of the United States, 1 Cranch [5 U. S.] 343,—that the statute of limitations could not be given in evidence on the plea of nil debet to an action of debt on a promissory note; and refused to overrule that decision, it having been made unanimously by a full court; and the court being now not full.

MARSHALL, Circuit Justice, absent.

Upon the motion of E. J. Lee, for defendant, THE COURT instructed the jury that the plaintiff [the assignee of E. C. Dick] must prove himself to be duly appointed assignee, by producing the original commission, and proceedings thereon, or a certified copy thereof, and the original deed of assignment.

The plaintiff became nonsuit, and THE COURT, on his motion, reinstated the cause without costs, and refused the defendant leave to plead the statute of limitations, unless he could show by affidavits that the plea was necessary to the justice of the case.